IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:67-CV-00020-NBB

MONTGOMERY COUNTY BOARD
OF EDUCATION, et al.                                                                       DEFENDANTS

**CONSOLIDATED WITH**

WALTER DORIS, et al.                                                                         PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:70-CV-00001-NBB

MONTGOMERY COUNTY BOARD
OF EDUCATION, et al.                                                                       DEFENDANTS

MEMORANDUM OPINION

Presently before the court is a motion to intervene filed by several agents of the State of Mississippi (hereinafter "Movants"). Upon due consideration of the motion, responses, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The above-styled and numbered cause is a desegregation case which was commenced and closed years ago. In fact, the last action taken was the court's modification of the desegregation order in 2004. Although the desegregation order remains in full force and effect, there has been no activity in this litigation since the modification and "the only issue remaining before the court is continued compliance with the desegregation order."[1]

In a completely separate action (hereinafter "*Butts* litigation"), numerous individual plaintiffs and the Montgomery County School District, a defendant in the instant desegregation

---

[1] *See Jones v. Caddo Parish School Bd.*, 204 F.R.D. 97, 100 (W.D. La. 2001).

litigation, filed suit against Movants challenging the constitutionality of a statute passed by the Mississippi legislature. That statute administratively consolidates the Montgomery County and Winona Municipal school districts into a single school district to be designated the Winona-Montgomery Consolidated School District. The plaintiffs in the *Butts* litigation argue that the statute's selection process for the consolidated district's school board violates the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment.

The *Butts* litigation was originally filed in the Southern District of Mississippi. Movants, however, filed a motion to transfer venue on two grounds: (1) that the case should be consolidated with the instant desegregation litigation, and (2) that the "true nature of the litigation is local to the residents of Montgomery County," which resides in the Northern District. The Southern District court granted the motion to transfer on the second ground after finding that the *Volkswagen* factors favored a venue in the Northern District.[2] In its order, the court specifically found as follows:

> Plaintiffs' suit does not implicate the [desegregation] Order's cause. It alleges deprivation of *voting* rights, not educational or employment rights. Plaintiffs challenge how school board members are selected, now how they perform their duties. The [desegregation] Order does not mention school board members, let alone the selection of those members.

The *Butts* litigation was transferred to the Northern District on January 5, 2018. Four days later, Movants filed the instant motion to intervene.

## Analysis

Movants first contend that they may intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Those seeking to intervene as of right must satisfy the following four elements:

(1) the motion to intervene is timely;

---
[2] *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

> (2) the movant asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene;
> (3) disposition of the case may impair or impeded the movant's ability to protect her interest; and
> (4) the existing parties do not adequately represent the movant's interest.

*Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (citing *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). "[F]ailure to satisfy any one element precludes the applicant's right to intervene." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

In moving to intervene, Movants assert that "the *sole* reason [they] seek intervention is so that this case may be consolidated with [the *Butts* litigation]." (Emphasis added). Movants further unequivocally maintain that they "take no position with respect to the ongoing litigation between Plaintiffs and Defendants in this case." Movants repeatedly reference an alleged potential "interplay" between the *Butts* litigation and the desegregation litigation. Movants further opine that "it is certainly *conceivable* that the desegregation order will require modification" at some point in the future. (Emphasis added). Additionally, Movants argue that, at a "later date," some unknown plaintiff may allege that the consolidation statute violates the desegregation order.

The court finds Movants' asserted interests insufficient to warrant intervention as of right. Intervention as of right requires a party to have a "direct, substantial, legally protectable interest in the proceedings." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co. (NOPSI)*, 732 F.2d 452, 463 (5th Cir. 1984). Moreover, courts consistently have found interests "too contingent, speculative, or remote from the subject of the case" to be insufficient to justify intervention. *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012); *see also Texas v. Dep't of Energy*, 754 F.2d 550 (5th Cir. 1985); *NOPSI*, 732 F.2d at 454-5; *Adams v. Consol. Wood Prods. Emp. Benefit Plan*, 2011 WL 665821 (E.D. Tex. Feb. 14, 2011).

The interests being asserting by Movants are too speculative and remote from the subject of the case, i.e. compliance with the desegregation order. At best, Movants assert hypothetical, or future, interests in the desegregation litigation, which in no way satisfy the Movants' burden as they are not "direct, substantial" interests. Further, Movants fail to cite any authority in which intervention was found appropriate in circumstances like the ones presented here. Moreover, the court is not inclined to allow intervention where Movants admittedly take no position in the case in which they seek to intervene and whose sole purpose is to consolidate two distinct, independent actions.

Movants additionally request permissive intervention under Rule 24(b)(2) which "permits[s] a . . . state governmental officer or agency to intervene if a party's claim or defense is based on [] a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2)(A). The rule allows intervention only in an action "in which a party relies upon a *statute* . . . administered by the officer or agency." 7C Fed. Prac. & Proc. Civ. §1912 (3d ed.) (emphasis added). In support, Movants argue that there is a potential "interplay" between the statute at issue in the *Butts* litigation and the desegregation order in this case. Movants, however, fail to point to any statute relied upon by any party in the *instant* action. Thus, the court finds Movants' request for permissive intervention to be without merit.

## Conclusion

Based on the foregoing discussion, the court finds that the instant motion to intervene is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 13th day of March, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**